# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JERRY A. ROSEBERRY,

        Plaintiff,

v.                                CIVIL ACTION NO. 3:18-0975

ANTHONY L. MCQUAID,
AMY B. MCQUAID,
TONY MCQUAID CONTRACTING, LLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER

By Order and Notice entered on July 16, 2018, the Court set a deadline of August 6, 2018 to file motions pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. ECF No. 9. On August 16, 2018, Defendant Amy B. McQuaid filed a Motion for Leave to File 12(b)(2) Motion, and attached copies of her proposed Motion to Dismiss and Memorandum of Law in Support of her Motion to Dismiss. ECF No. 15. Plaintiff Jerry A. Roseberry opposes the motion.

In support of her motion, Mrs. McQuaid asserts that, after this action was filed, the parties attempted to negotiate a settlement. Mrs. McQuaid states that a settlement was reached between Plaintiff and Defendant Anthony L. McQuaid, but the signed agreements were not exchanged because the settlement was conditioned upon the availability of settlement funds, which never materialized. In the interim, Mr. McQuaid was hospitalized, and defense counsel states he was unable to meaningfully communicate with his clients. Ten days after the deadline for filing

Rule 12(b) motions, Mrs. McQuaid filed her motion pursuant to Rule 6(b) of the Federal Rules of Civil Procedure seeking leave to file her 12(b)(2) motion late.

In relevant part, Rule 6(b)(1)(B) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Mrs. McQuaid argues that, for the reasons stated above, she has demonstrated good cause due to excusable neglect. On the other hand, Plaintiff argues the Court should deny the motion because Mrs. McQuaid knew, or should have known, prior to Mr. McQuaid's hospitalization and the Rule 12(b) deadline that the settlement funds were not going to be available.

Upon review, the Court agrees with Plaintiff. Even if Mrs. McQuaid knew the settlement could not be paid, defense counsel stated that Mr. McQuaid's hospitalization prevented him from speaking with his clients about litigation strategy. Nevertheless, defense counsel was able to file the motion for leave, with a proposed motion to dismiss, within just ten days of the deadline. Therefore, the Court finds excusable neglect and good cause exists to extend the time period.

Accordingly, the Court **GRANTS** Defendant Amy B. McQuaid's Motion for Leave to File 12(b)(2) Motion. ECF No. 15. The Court **DIRECTS** the Clerk to file the Motion to Dismiss (ECF No. 15-1) and Memorandum of Law in Support of her Motion to Dismiss (ECF No. 15-2) as separate documents. The Court notes that Plaintiff's Response to Plaintiff's Motion for Leave is styled as "Plaintiff's Response to Amy B. McQuaid's Motion to Dismiss" (ECF No. 20), and it incorporates both Rule 6(b) and Rule 12(b) arguments. Now that the Motion to Dismiss is pending,

the Court **ORDERS** Plaintiff to refile his Response, with any changes he may want to make, **on or before October 30, 2018**. Mrs. McQuaid shall have **seven days** from the date the Response is filed to file a Reply.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: October 16, 2018

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE